**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Elijah Fore,** | ) | **Civil Action No.:__________** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **Experian Information Solutions, Inc.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Elijah Fore, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e(b) and 1681i, which are two of the cornerstone provisions of the FCRA.

6. One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

7. The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as *deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. * * * [A]s Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed* (emphasis added).

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 Cong. Rec. 36570 (1970)].

## JURISDICTION AND VENUE

8. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331.

9. Venue is proper in the Florence Division because the Plaintiff resides in Marion County, and the Defendant transacted business in this division.

## PARTIES

10. Plaintiff, Elijah Fore, is a resident and citizen of the State of South Carolina, Marion County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

11. Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

12. Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

13. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

14. Defendant's acts and omissions alleged herein are in violation of the Fair Credit

Reporting Act which requires Defendant to provide a consumer with a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and to conduct a reasonable reinvestigation of disputed information received from the Plaintiff.

15. The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's Experian credit file; and failed to reinvestigate Plaintiff's disputes. Defendant also repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to suffer damages as set forth herein.

## FACTUAL ALLEGATIONS

16. On or about December 12, 2025, Plaintiff obtained a copy of his Experian credit report. Upon reviewing his credit report, Plaintiff discovered numerous accounts had been opened in his name without his knowledge. Additionally, alleged personal information was reporting on his credit report that was either inaccurate or did not belong to him.

17. On or about December 12, 2025, Plaintiff sent a dispute letter to Defendant stating he had obtained a copy of his credit report and discovered multiple accounts opened by someone who stole his identity. Specifically, Axcessfn/CNGO, Account No. 4948xxxx, Heights Finance, Account No. 322101xxxxxx, Pathward NA/Oportun, Account No. 558xxxx, and World Finance Corporation, Account No. 217089xxxxx, (hereinafter collectively referred to as the "Accounts"). Plaintiff also requested Defendant add a fraud alert to his credit file. With his letter, Plaintiff provided his full Social Security number, date of birth, and address.

18. Defendant received Plaintiff's dispute on December 22, 2025.

19. Defendant did no actual reinvestigation of Plaintiff's December 12, 2025, dispute.

20. On or about December 23, 2025, Defendant sent Plaintiff a letter stating it had received a recent request regarding his credit information, but didn't believe it came directly from Plaintiff an therefore would not be taking any action on Plaintiff's request.

21. On or about December 28, 2025, Plaintiff received a postcard from Defendant informing him an Initial Security Alert had been added to his credit file.

22. On or about March 25, 2026, Plaintiff sent Defendant a second dispute letter wherein Plaintiff informed Defendant he had not received Reinvestigation Results from Defendant to his first dispute and, instead, received Defendant's letter stating it did not believe the dispute was sent from Plaintiff. In his letter, Plaintiff confirmed the dispute was sent by him, and again disputed the Accounts as fraudulent accounts. Plaintiff asked Defendant to remove the fraudulent Accounts from his credit report, and again provided his full Social Security number, date of birth, and address.

23. Defendant received Plaintiff's second dispute letter on April 3, 2026.

24. Defendant did no actual reinvestigation of Plaintiff's March 25, 2026, dispute.

25. On or about April 27, 2026, Defendant sent Plaintiff Reinvestigation Results informing Plaintiff the Axcessfn/CNGO, Account #4948**** and the Pathward NA/Oportun, Account No. 558xxxxx Accounts were verified as accurate. The World Finance Corporation, Account No. 2170898 and the Heights Finance, Account No. 32210151xxxxx Accounts were verified as accurate and updated. With the Reinvestigation Results, Defendant provided an updated credit report, wherein the fraudulent Accounts

were still reporting as derogatory Accounts belonging to Plaintiff.

26. On or about June 23, 2026, Plaintiff sent Defendant a third dispute letter. In his letter, Plaintiff stated he had received Defendant's Reinvestigation Results and credit report, and his credit report continued to report the fraudulent Accounts as belonging to him. Plaintiff again requested Defendant remove the fraudulent Accounts. With his letter, Plaintiff provided a copy of the police report he filed regarding the fraud, his driver's license, and his full Social Security number, date of birth, and address.

27. Defendant received Plaintiff's third dispute on June 30, 2026.

28. Defendant did no actual reinvestigation of Plaintiff's June 23, 2026, dispute.

29. On or about July 23, 2026, Defendant sent Plaintiff Reinvestigation Results informing Plaintiff the Axcessfn/CNGO, Account #4948xxxx had been deleted from Plaintiff's credit report. However, the World Finance and Heights Finance Accounts were verified as accurate and updated, and the Pathward NA/Oportun Account was "either updated or deleted." With the Reinvestigation Results, Defendant provided Plaintiff an updated credit report which confirmed the World Finance and Heights Finance Accounts continued to be reported as derogatory Accounts belonging to Plaintiff.

30. Defendant repeatedly failed to make a reasonable reinvestigation into Plaintiff's disputes.

31. Upon receipt of the ACDV responses from the furnishers of the disputed Account information, Defendant simply accepted the furnishers' verifications of the Accounts and did not undertake to perform any reinvestigation of its own.

32. For over 35 years, courts have recognized that a CRA cannot rely upon its data

furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information. The CRA must make some independent investigation of its own. "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. TransUnion Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016 WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F. Supp. 2d 311 (E.D. Pa. 2003)(explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

33. If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

34. Defendant's knowing and repeated violations of the FCRA warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

35. While Defendant has refused to block the fraudulent Accounts from Plaintiff's credit report, those credit reports have been viewed by Appfolio Resident Screening, Clarity/TitleMax, Speedy Cash, and TMX Finance.

**<u>COUNT ONE</u>**
(Fair Credit Reporting Act)

36. The Plaintiff adopts the averments and allegations of paragraphs 16 through 35 hereinbefore as if fully set forth herein

37. Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

38. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39. As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, lost credit opportunities, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life, time spent trying to fix his Experian credit report, physical pain and sickness, frustration, humiliation, embarrassment, mental anguish, and out-of-pocket expenses.

40. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

41. In addition, the Plaintiff has incurred litigation expenses and attorney's fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

42. Plaintiff is entitled to his attorney's fees, pursuant to 15 U.S.C. §1681o(a)(2).

**COUNT TWO**
(Fair Credit Reporting Act)

43. The Plaintiff adopts the averments and allegations of paragraphs 16 through 42 hereinbefore as if fully set forth herein.

44. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

45. Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

46. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

47. As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, lost credit opportunities, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life, time spent trying to fix his Experian credit report, physical pain and sickness, frustration, humiliation, embarrassment, mental anguish, and out-of-pocket expenses.

48. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

49. In addition, the Plaintiff has incurred litigation expenses, and attorney's' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

50. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

51. Plaintiff is entitled to his attorney's fees, pursuant to 15 U.S.C. §1681n(a).

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B. Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2);

D. For this trial to be heard by a jury; and

E. For such other and further relief as the Court may deem just and proper.

*s/ Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223